■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH RAMAGLIA, Appellant. — Appeal by defendant from a judgment of Supreme Court, Kings County (Kreindler, J.), rendered August 26, 1981, convicting him of forgery in the first degree (two counts), forgery in the second degree (11 counts), criminal possession of a forged instrument in the second degree (five counts), grand larceny in the second degree (seven counts), conspiracy in the second degree, and conspiracy in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. Defendant stands convicted of sundry crimes arising out of his participation in a scheme to appropriate the proceeds of stocks, bonds, checks and real property belonging to Frederick William Irving Lundy. The evidence adduced at trial overwhelmingly established his complicity in those crimes and that he signed Frederick Lundy's name to various documents in question. Defendant contends that the forgery of indorsements on stocks and United States savings bonds does not constitute the crime of forgery in the first degree. He asserts that the crime of forgery in the first degree is confined to the counterfeiting of such instruments (see Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law, § 170.15, p 289). However, subdivision 2 of section 170.00 of the Penal Law explicitly states in relevant part: "An endorsement, attestation, acknowledgment or other similar signature or statement is deemed both a complete written instrument in itself and a part of the main instrument in which it is contained or to which it attaches." Therefore, one who forges an indorsement on a stock certificate or valuable government instrument is just as guilty of forgery in the first degree as one who counterfeits such instruments (see *Matter of Kramer,* 86 AD2d 696). We have considered defendant's other contentions and find them to be without merit. Lazer, J. P., Gulotta, Brown and Boyers, JJ., concur.